Model Plan  
11/22/2013

Trustee: ☐ Marshall ☐ Meyer  
☐ Stearns ☐ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| In re: | ) | Case No. |
|---|---|---|
| | ) | |
| Gregory Blaszczyk | ) | |
| Mary J. Blaszczyk | ) | |
| | ) | |
| Debtors. | ) | Original Chapter 13 Plan, dated |

☒   A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**  
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is __3__; (b) their ages are __63, 58, 29__; (c) total household monthly income is $__6,731.97__; and (d) total monthly household expenses are $__5,484.97__, leaving $__1,247.00__ available monthly for plan payments.

2. The debtor's Schedule J includes $__N/A__ for charitable contributions; the debtor represents that the debtor made substantially similar contributions for __N/A__ months prior to filing this case.

**Section B.**  
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

☐ The debtor will make no direct payments to creditors holding prepetition claims. /or/
☒ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

  Creditor: __Fifth Third Bank__ , monthly payment, $ __508.00__

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term*. The debtor will pay to the trustee $ __1,247.00__ monthly for __60__ months [and $ __ monthly for an additional __ months], for total payments, during the initial plan term, of $ __74,820.00__. [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term*. If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion*. ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
☒ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees*. Payable monthly, as authorized; estimated at **10.00**% of plan payments; and during the initial plan term, totaling $ __6,798.68__. [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments*. Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__. [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral*. All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

(a) Creditor: **Cook County Clerk**          Collateral: **Residential Real Estate located at 9001 W. 178th Street, Tinley Park, IL 60487**
Amount of secured claim: $ **31,650.11** APR **0** %   Fixed monthly payment: $ **689.00** ;
Total estimated payments, including interest, on the claim: $**31,650.11**. ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ **31,650.11** . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ **2,000.00** . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ **0.00** . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim*. A special class consisting of the following non-priority unsecured claim: **-NONE-** shall be paid at **N/A** % of the allowed amount. The total of all payments to this special class is estimated to be $ **N/A** . [Enter this amount on Line 2g of Section H.]

Reason for the special class: **N/A** .

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐ in full, /or/ ☒ to the extent possible from the payments set out in Section D, but not less than **61** % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*.  ☒ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___ % [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)     $ 74,820.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
   (a) Trustee's fees                                        $ 6,798.68
   (b) Current mortgage payments                             $ 0.00
   (c) Payments of other allowed secured claims              $ 31,650.11
   (d) Priority payments to debtor's attorney                $ 2,000.00
   (e) Payments of mortgage arrears                          $ 0.00
   (f) Payments of non-attorney priority claims              $ 0.00
   (g) Payments of specially classified unsecured claims     $ 0.00
   (h) Total *[add Lines 2a through 2g]*                     $ 40,448.79

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]*     $ 34,371.21

(4) Estimated payments required after initial plan term:
   (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)     $ 56,289.62
   (b) Minimum GUC payment percentage                        61 %
   (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]*     $ 34,336.67
   (d) Estimated interest payments on unsecured claims       $ 0.00
   (e) Total of GUC and interest payments *[add Lines 4c and 4d]*     $ 34,336.67
   (f) Payments available during initial term *[enter Line 3]*   $ 34,371.21
   (g) Additional payments required *[subtract Line 4f from Line 4e]*     $ -34.54

(5) Additional payments available:

Software Copyright (c) 1996-2014   Best Case, LLC - www.bestcase.com                                                                                                                 Best Case Bankruptcy

|   |   |   |
|---|---|---|
| (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ | N/A |
| (b) Months in maximum plan term after initial term | | N/A |
| (c) Payments available *[multiply line 5a by line 5b]* | $ | N/A |

**Section I.**
*Payroll Control*

☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures**    **Debtor(s) [Sign only if not represented by an attorney]**

                                                                                                            Date

**Debtor's Attorney**    /s/   Stuart B. Handelman                    Date  5/21/15

*Attorney Information (name, address, telephone, etc.)*

Stuart B. Handelman
The Law Offices of Stuart B. Handelman, P.C.
200 S. Michigan Avenue, Suite 205
Chicago, IL 60604
(312) 360-0500
Fax: (312) 360-1033

**Special Terms** *[as provided in Paragraph G]*

1) Unsecured claims filed after the bar date shall not be paid by the Trustee

2) Where the total amount of the claim is less than the estimate specified in Debtor's plan the creditor shall be paid the amount of its allowed claim and the proof of claim shall constitute a reduction consented to by creditor.

3) The debt owed to American Honda Finance for the lease 2014 Honda CRV shall be paid directly by Debtors, outside the plan. Debtors assume the unexpired lease agreement with American Honda Finance for the lease of the 2014 Honda CRV. The discharge language pursuant to Section 1328 of the Bankruptcy Code does not apply to the debt owed to American Honda Finance. American Honda Finance shall not be required to release its security interest until such time the underlying retail installment contract is fully satisfied.

4) The debt owed to American Honda Finance for the lease 2013 Honda Civic (account no. x7381) shall be paid directly by Debtors, outside the plan. Debtors assume the unexpired lease agreement with American Honda Finance for the lease of the 2013 Honda Civic. The discharge language pursuant to Section 1328 of the Bankruptcy Code does not apply to the debt owed to American Honda Finance. American Honda Finance shall not be required to release its security interest until such time the underlying retail installment contract is fully satisfied.

5) The debt owed to American Honda Finance for the lease 2013 Honda Civic (account no. x6759) shall be paid directly by Debtors, outside the plan. Debtors assume the unexpired lease agreement with American Honda Finance for the lease of the 2013 Honda Civic. The discharge language pursuant to Section 1328 of the Bankruptcy Code does not apply to the debt owed to American Honda Finance. American Honda Finance shall not be required to release its security interest until such time the underlying retail installment contract is fully satisfied.

6) Effective February 2016, the fixed monthly payment to Cook County Clerk, in Section E(3.1)(a) of $689.00, shall increase to $1,189.00.

```
                           United States Bankruptcy Court
                            Northern District of Illinois

In re:                                                      Case No. 15-18094-JPC
Gregory Blaszczyk                                           Chapter 13
Mary J. Blaszczyk
      Debtors
                             CERTIFICATE OF NOTICE
District/off: 0752-1         User: carmstead           Page 1 of 2           Date Rcvd: May 26, 2015
                             Form ID: pdf001           Total Noticed: 36


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 28, 2015.
db/jdb         +Gregory Blaszczyk,    Mary J. Blaszczyk,    9001 W. 178th Street,    Tinley Park, IL 60487-6170
23316786        Advanced Call Center,    Technologies, LLC,    P.O. Box 9091,    Gray, TN 37615-9091
23316787        American Express,    Box 0001,    Los Angeles, CA 90096-0001
23316789       +American Student Ast,    100 Cambridge Street, Suite 1600,    Boston, MA 02114-2567
23316790       +Bank Financial FSB,    48 Orland Square Drive,    Orland Park, IL 60462-6539
23316791        Capital One Retail Services,    P.O Box 71106,    Charlotte, NC 28272-1106
23316792        Comenity - Buckle Black,    P.O. Box 659704,    San Antonio, TX 78265-9704
23316793       +Comenity - Carson's,    PO Box 659813,    San Antonio, TX 78265-9113
23316794        Comenity - Loft,    P.O. Box 659705,    San Antonio, TX 78265-9705
23316795       +Cook County Clerk,    Tax Redemption Division,    118 N. Clark Street, Room434,
                 Chicago, IL 60602-1413
23316796        Delta Management Assoc., Inc.,    P.O. Box 9191,    Chelsea, MA 02150-9191
23316797       +Department of Education,    MOHELA,    PO Box 105347,    Atlanta, GA 30348-5347
23316799       +Fair Deal of Illinois Inc.,    16 Clover Circle,    Streamwood, IL 60107-2361
23316800       +Fifth Third Bank,    5050 Kingsley Drive,    Cincinnati, OH 45227-1115
23316801        Fifth Third Bank,    P.O. Box 740789,    Cincinnati, OH 45274-0789
23316802       +Joliet Cntr. Clinical Research,    c/o Collection Professional,    723 1st Street,
                 La Salle, IL 61301-2535
23316804       +Macy's,    P.O. Box 8218,    Mason, OH 45040-8218
23316805       +Malcolm S. Gerald & Assoc, Inc,    332 S. Michigan Ave., Suite 600,    Chicago, IL 60604-4318
23316806        Members Source CU,    P.O. Box 96099,    Charlotte, NC 28296-0099
23316807       +Midwest Orthopaedic Consultant,    75 Remittance Drive, Suite 6581,    Chicago, IL 60675-6581
23316808       +Mohela/Dept. of Ed,    633 Spirit Drive,    Chesterfield, MO 63005-1243
23316809       +Nationwide Credit & Collection Inc.,    815 Commerce Drive, Suite 270,
                 Oak Brook, IL 60523-8852
23316811       +Palos Community Hospital,    12251 S. 80th Avenue,    Palos Heights, IL 60463-0930
23316812        Physicians Prompt Care Center LLC,    Department 4620,    Carol Stream, IL 60122-4620
23316813       +Radiology & Nuclear Consultants,    311 W. Monroe, 8th floor,    Chicago, IL 60606-4660
23316814       +Silver Cross Hospital,    1900 Silver Cross Blvd.,    New Lenox, IL 60451-9509
23316817       +Trace Ambulance Inc.,    8400 W. 183rd Place,    Tinley Park, IL 60487-6222
23316819       +U.S. Atty for Northern Dist IL,    For Department of Education),
                 219 S. Dearborn Street, 5th Fl,    Chicago, IL 60604-2029

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
23316788        E-mail/Text: ebnbankruptcy@ahm.honda.com May 27 2015 01:14:45      American Honda Finance,
                 2170 Point Blvd Ste 100,    Elgin, IL 60123
23316798        E-mail/PDF: mrdiscen@discover.com May 27 2015 01:21:49      Discover,    P.O. Box 6103,
                 Carol Stream, IL 60197-6103
23316803       +E-mail/Text: bnckohlsnotices@becket-lee.com May 27 2015 01:13:42      Kohl's Payment Center,
                 PO Box 2983,    Milwaukee, WI 53201-2983
23316810        E-mail/PDF: gecsedi@recoverycorp.com May 27 2015 00:59:37      Old Navy Visa/SYNCB,
                 P.O. Box 960017,    Orlando, FL 32896-0017
23316815        E-mail/PDF: cbp@springleaf.com May 27 2015 00:59:36      Springleaf,    P.O. Box 790368,
                 Saint Louis, MO 63179-0368
23316816        E-mail/PDF: gecsedi@recoverycorp.com May 27 2015 00:59:37      Synchrony Bank/JCP,
                 P.O. Box 960090,    Orlando, FL 32896-0090
23316818       +E-mail/Text: bankruptcydepartment@ncogroup.com May 27 2015 01:14:53
                 Transworld Systems, Inc.,    507 Prudential Road,    Horsham, PA 19044-2308
23316820        E-mail/PDF: gecsedi@recoverycorp.com May 27 2015 00:59:46      Walmart/Synchrony Bank,
                 P.O. Box 530927,    Atlanta, GA 30353-0927
                                                                                              TOTAL: 8

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 28, 2015                               Signature:  /s/Joseph Speetjens

```
District/off: 0752-1          User: carmstead           Page 2 of 2              Date Rcvd: May 26, 2015
                              Form ID: pdf001           Total Noticed: 36
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 22, 2015 at the address(es) listed below:

```
          Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
          Stuart B Handelman    on behalf of Debtor Gregory  Blaszczyk court@sbhpc.net,  ksmith@sbhpc.net,
           jhuang@sbhpc.net
          Stuart B Handelman    on behalf of Joint Debtor Mary J. Blaszczyk court@sbhpc.net,
           ksmith@sbhpc.net,jhuang@sbhpc.net
                                                                                             TOTAL: 3
```